**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROSA GISSELLE LOPEZ-FLORES, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations, | ) | No. 2:26-cv-02870-SHL-atc |
| Respondent. | ) | |

**ORDER STAYING TRANSFER AND REQUIRING RESPONSE**

On July 15, 2026, Petitioner Rosa Gisselle Lopez-Flores filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Lopez-Flores challenges her "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  Lopez-Flores, a noncitizen, has resided in the United States continuously since July 2021, when she was two years old.  (Id. at PageID 2.)  She graduated from Hernando High School in 2017.  (Id. at PageID 3.)  Her parents and two siblings are present in the United States.  (Id.)  And she is engaged to a United States citizen.  (Id.)  On July 2, 2026, she was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (Id. at PageID 2, 7.)  She seeks immediate release from Respondent's custody.  (Id. at PageID 7.)

On May 11, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an individualized bond hearing.  175 F.4th at 734.

Upon review of the Petition, it is **ORDERED** as follows:

(1)    Within **two business days** of the filing of this Order, Lopez-Flores shall deliver a copy of **the Petition and this Order** to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.

(2)    Within **two business days** after Lopez-Flores complies with the above requirement, Respondent shall respond to the Petition.  If the basis of Lopez-Flores's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

(3)    Lopez-Flores may file a reply within **two business days** after Respondent's responsive filing.

(4)    Respondent shall not transfer Lopez-Flores out of the West Tennessee Detention Facility during the pendency of the Petition.

**IT IS SO ORDERED,** this 17th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE