**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| ROSA GISSELLE LOPEZ-FLORES, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER BULLOCK, New Orleans | ) | No. 2:26-cv-02870-SHL-atc |
| Field Office Director of Immigration and | ) | |
| Customs Enforcement, Enforcement and | ) | |
| Removal Operations, | ) | |
|     Respondent. | ) | |

**ORDER GRANTING PETITION**

On July 15, 2026, Petitioner Rosa Gisselle Lopez-Flores filed the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  Lopez-Flores challenges her "indefinite detention without a meaningful custody review."  (Id. at PageID 3.)  On July 2, 2026, she was taken into ICE custody and remains detained at the West Tennessee Detention Facility.  (Id. at PageID 2, 7.)  She seeks immediate release from Respondent's custody.  (Id. at PageID 7.)  Respondent responded on July 21.  (ECF No. 6.)  Respondent concedes that "this case is covered by the Sixth Circuit's recent decision" in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026).  (Id. at PageID 16.)  Lopez-Flores replied on July 22.  (ECF No. 8.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Lopez-Flores, a citizen of Mexico, has resided in the United States continuously since July 2001, when she was two years old.  (ECF Nos. 1 at PageID 2; 6 at PageID 16.)  She graduated from Hernando High School in 2017.  (ECF No. 1 at PageID 3.)  Her parents and two

siblings are present in the United States.  (Id.)  She is engaged to a United States citizen.  (Id.)

On July 2, 2026, Lopez-Flores was arrested by ICE after she was detained in the DeSoto County,

Mississippi jail on charges of DUI, careless driving, and driving without a license.  (ECF Nos. 1

at PageID 2; 6 at PageID 17.)  Those charges are still pending.  (Id.)  She seeks immediate

release from Respondent's custody.  (ECF No. 1 at PageID 7.)

### ANALYSIS

Respondent concedes that Lopez-Campos governs this matter.  (ECF No. 6 at PageID

16.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not

apply to 'applicants for admission' who are not 'seeking admission.'"  Lopez-Campos, 175 F.4th

at 732.  Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust

administrative remedies" before granting relief.  (ECF No. 6 at PageID 17.)  Specifically,

according to Respondent, "Petitioner should be required to first request a bond hearing in

immigration court before seeking habeas relief in federal court."  (Id. at PageID 16.)[1]

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza

v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr.

23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal

questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile

because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v.

Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion,

---

[1] Respondent does not argue, however, that the Laken Riley Act mandates Petitioner's detention.  Indeed, although the Act attaches immigration consequences to a number of criminal acts, it does not mention DUI, careless driving, or driving without a license.  See 8 U.S.C. § 1226(c)(1)(E) (requiring mandatory detention of noncitizens found to be "inadmissible" and who are charged with, arrested for, convicted of, or admit to committing "any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person").

requiring exhaustion is within a court's discretion); Matter of Yajure Hurtado, 29 I. & N. Dec. 216, 225 (BIA 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Petitioner "rightfully state[s] that [she has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th at 734. ICE's decision to detain her without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Petitioner from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 22nd day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3